

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

LAWANDA KING )
)
)
_____ )
)
Plaintiff(s), )   C   1:22-cv-00259
)       Judge Pacold
v. )       Magistrate Judge Finnegan
FORD MOTOR CO, International Union, )   Cat 2 / RANDOM
United Automobile, Aerospace & )
Agricultural Implement Workers of )       **FILED**
America, (UAW) AFL-CIO )
Defendant(s). )       JAN 1 4 2022 OK
)
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination. Breach of Contract.

2. The plaintiff is   LAWanda KING   of the

county of  LoS Angeles   in the state of  CALiforNia .

3. The defendant is FORD Motor Co &  International Union United Automobile Aerospace, Agricultural Implement whose
   street address is Chicago, IL 60633   Workers of America-(UAW) AFL-CIO
   Cook County   8000 EAST JEfferson, Detroit, Wayne County 48214

(city)_____ (county)_____ (state)_____ (ZIP)_____
   (30)(773)646-3160                                        (313)926-5000
(Defendant's telephone number)   ( ) – _____

4. The plaintiff sought employment or was employed by the defendant at (street address)

   12600 S. Torrence Ave   (city) Chicago

   (county) Cook  (state) IL  (ZIP code) 60633

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☒ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)___July___, (day)_____, (year)_2011___.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☒*has* ☐*has not* filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the

following government agencies:

     (i) ☒ the United States Equal Employment Opportunity Commission, on or about

(month)_____ (day)_____ (year)_____.

     (ii) ☐ the Illinois Department of Human Rights, on or about

(month)_____ (day)_____ (year)_____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c)    Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes    ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes    ☐ N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☒    the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month) *October* (day) *20th* (year) *2021* a copy of which

*Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a)    ☒ Age (Age Discrimination Employment Act).

(b)    ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): _Breached the Contractual Bargaining Agreement_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

_See attached_____

_____

_____

_____

_____

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a)  ☐  Direct the defendant to hire the plaintiff.

(b)  ☐  Direct the defendant to re-employ the plaintiff.

(c)  ☐  Direct the defendant to promote the plaintiff.

(d)  ☐  Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)  ☐  Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f)  ☒  Direct the defendant to (specify): _grant correct Pension Credit, Allow plaintiff to medically Retire, Compensatory damages; punitive damages & attorney fees if retained_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)  ☐  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)  ☒  Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

LaWanda King
(Plaintiff's name)

20929 Ventura Blvd St 47207
(Plaintiff's street address)

(City) Woodland Hills (State) CA (ZIP) 91364

(Plaintiff's telephone number) (773) – 575-1799

Date: 01/14/22

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

**U.S. Department of Labor**    Office of Federal Contract Compliance Programs
Midwest Regional Office
230 South Dearborn Street, Room 570
Chicago, IL 60604



*Certified Mail, Return Receipt Requested*

TO: LaWanda J. King
    20929 Ventura Blvd., #47207
    Woodland Hills, CA 91364

FROM: Office of Federal Contract Compliance
         Programs – Midwest Regional Office
         230 South Dearborn Street, Room 570
         Chicago, IL 60604

         OFCCP Representative: James Erne

[___] On behalf of a person whose identity is confidential (29 CFR 1601.7(a))

Complaint Number: I00301955

**TO THE COMPLAINANT: This is your NOTICE OF RIGHT-TO-SUE under the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Rights Act of 1964, as amended, based on the above-numbered complaint. It is issued because OFCCP has dismissed your complaint for the following reason:**

[___] OFCCP has closed your complaint because, even if proven to be true, the allegation(s) raised in the complaint would not be a violation of the laws enforced by OFCCP.

[ X ] Your complaint was not filed in a timely manner. Executive Order 11246 requires that a complaint be filed within 180 calendar days from the date of the alleged discriminatory act. Complaints filed under Section 503 must be filed within 300 calendar days from the date of the alleged discriminatory act to be timely. Accordingly, we have closed your complaint.

[___] You failed to provide requested necessary information, failed to appear or refused to be available for necessary interviews or conferences; or otherwise refused to cooperate to the extent that OFCCP is unable to complete its investigation of your complaint.

[___] You refused to enter into a conciliation agreement, the terms of which OFCCP determined to be reasonable.

[___] OFCCP has made reasonable efforts to locate you and has been unable to do so. You have had at least 60 calendar days in which to respond to a notice sent to your last known address. OFCCP has closed the complaint because we are unable to proceed without your cooperation.

The issuance of this NOTICE OF RIGHT-TO-SUE concludes OFCCP processing of your complaint. If you wish to pursue your complaint further, you have the right to sue the employer named in your complaint in federal or state court. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN 90 DAYS OF YOUR RECEIPT OF THIS NOTICE. OTHERWISE, YOUR RIGHT TO SUE IS LOST. (The time limit for filing suit based on a state claim may be different.)

An informational copy of this Notice has been sent to the following employer named in your complaint:

Ford Motor Company
Chicago Assembly Plant
12600 South Torrence Ave.
Chicago, IL 60633

For the United States Department of Labor,

| CARMEN NAVARRO | Digitally signed by CARMEN NAVARRO Date: 2021.10.12 11:05:28 -05'00' | | 10/12/21 |
|---|---|---|---|

Carmen Navarro                                                                                                Date
Regional Director

Enclosures (2):   Information Related to Filing Suit under Title VII and the ADA
                          Copy of Complaint

cc: James D. Farley, JR, CEO
      Ford Motor Company (via regular mail)

      Sarronda Harris, CRTIU Intake Supervisor
      EEOC Chicago District Office (via email chicagoeeoc@eeoc.gov)

115

**U.S. DEPARTMENT OF LABOR**
230 SOUTH DEARBORN STREET
CHICAGO, IL 60604

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

CAROL STREAM IL 601

16 OCT 2021 PM 4 7 L

$0.730
US POSTAGE
FIRST-CLASS
FROM 46303
OCT 15 2021
stamps
endicia

062S0012433487

LaWanda J. King
20929 Ventura Blvd. 47207
Woodland Hills CA 91364-2334

91364-233499

**U.S. Department of Labor**     Office of Federal Contract Compliance Programs
Midwest Regional Office
230 South Dearborn Street, Room 570
Chicago, IL 60604



*Certified Mail, Return Receipt Requested*

TO: LaWanda J. King                    FROM: Office of Federal Contract Compliance
    20929 Ventura Blvd., #47207                Programs – Midwest Regional Office
    Woodland Hills, CA 91364                   230 South Dearborn Street, Room 570
                                               Chicago, IL 60604

OFCCP Representative: James Erne

[___] On behalf of a person whose identity is confidential (29 CFR 1601.7(a))

Complaint Number: I00301956

**TO THE COMPLAINANT: This is your NOTICE OF RIGHT-TO-SUE under the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Rights Act of 1964, as amended, based on the above-numbered complaint. It is issued because OFCCP has dismissed your complaint for the following reason:**

[Select all that apply]

[ X ] OFCCP has closed your complaint because, even if proven to be true, the allegation(s) raised in the complaint would not be a violation of the laws enforced by OFCCP.

[ X ] Your complaint was not filed in a timely manner. Executive Order 11246 requires that a complaint be filed within 180 calendar days from the date of the alleged discriminatory act. Complaints filed under Section 503 must be filed within 300 calendar days from the date of the alleged discriminatory act to be timely. Accordingly, we have closed your complaint.

[___] You failed to provide requested necessary information, failed to appear or refused to be available for necessary interviews or conferences; or otherwise refused to cooperate to the extent that OFCCP is unable to complete its investigation of your complaint.

[___] You refused to enter into a conciliation agreement, the terms of which OFCCP determined to be reasonable.

[___] OFCCP has made reasonable efforts to locate you and has been unable to do so. You have had at least 60 calendar days in which to respond to a notice sent to your last known address. OFCCP has closed the complaint because we are unable to proceed without your cooperation.

**U.S. Department of Labor**     Office of Federal Contract Compliance Programs
Midwest Region
230 South Dearborn Street, Suite 570
Chicago, IL 60604



October 12, 2021

## CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Ray Curry, President
United Auto Workers
8000 East Jefferson Ave.
Detroit, MI 48214

Re:  Complaint Reference Number: I00301956

Dear Mr. Curry,

This is to notify you that on September 27, 2021, we received a complaint from LaWanda King alleging violations of Executive Order 11246, as amended, and Section 503 of the Rehabilitation Act of 1973, as amended (Section 503).

Under the provisions of a Memorandum of Understanding between the Office of Federal Contract Compliance Programs (OFCCP) and the U.S. Equal Employment Opportunity Commission (EEOC) effective November 3, 2020, the complaint is deemed simultaneously dual filed as a charge under Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended (ADA).

ADA requires us to send you notice of the filing within 10 calendar days of our receipt of a complaint. We have closed the complaint because OFCCP does not have jurisdiction to investigate a complaint under Executive Order 11246 or Section 503 and because it was untimely filed outside of filing period requirements of Executive Order 11246, Section 503, Title VII and the ADA. Accordingly, the complainant has been issued a Notice of Right to Sue under Title VII and the ADA.

Please be advised that both OFCCP and EEOC regulations require that you retain all records pertinent to this complaint and ensure that there is no retaliation because of this complaint. In the event this complaint was filed with the EEOC under ADA, you may receive a similar 10-day notice from the EEOC.

Sincerely,

**CARMEN NAVARRO**    Digitally signed by
CARMEN NAVARRO
Date: 2021.10.12
11:02:58 -05'00'

CARMEN NAVARRO
Regional Director

Enclosure: Notice of Right to Sue and Information on Filing Suit

The issuance of this NOTICE OF RIGHT-TO-SUE concludes OFCCP processing of your complaint. If you wish to pursue your complaint further, you have the right to sue the entity named in your complaint in federal or state court. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN 90 DAYS OF YOUR RECEIPT OF THIS NOTICE. OTHERWISE, YOUR RIGHT TO SUE IS LOST. (The time limit for filing suit based on a state claim may be different.)

An informational copy of this Notice has been sent to the following entity named in your complaint:

United Auto Workers
National Ford Department
8000 East Jefferson Ave.
Detroit, MI 48214

For the United States Department of Labor,

| CARMEN NAVARRO | Digitally signed by CARMEN NAVARRO Date: 2021.10.12 11:03:52 -05'00' | 10/12/21 |
|---|---|---|

CARMEN NAVARRO                                     Date
Regional Director

Enclosures (2):   Information Related to Filing Suit under Title VII and the ADA
                         Copy of Complaint

cc:      Ray Curry, President
           United Auto Workers
           (via regular mail)

           Sarronda Harris, CRTIU Intake Supervisor
           EEOC Chicago District Office
           (via email: chicagoeeoc@eeoc.gov)

U.S. DEPARTMENT OF LABOR
230 SOUTH DEARBORN STREET
CHICAGO, IL 60604

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

115

91364-233499

CAROL STREAM IL 601

16 OCT 2021

$0.730
US POSTAGE
FIRST-CLASS
FROM 46303
OCT 15 2021
stamps
endicia

062S0012433487

LaWanda J. King
20929 Ventura Blvd. 47207
Woodland Hills CA 91364-2334

 Gmail                                    **Elle Keeng <ellejaykay15@gmail.com>**

## OFCCP Complaint Form
1 message

**Department of Labor/OFCCP** <OFCCP_Complaints@dol.gov>    Mon, Sep 27, 2021 at 8:59 AM To:
ellejaykay15@gmail.com

    **Complaint Involving Employment Discrimination by a Federal Contractor or Subcontractor**

<u>Please read the instructions before completing this form.</u>

OMB: 1250-0002
Expires: 5/31/2023        [ Reset Form ]  [ Print Form ]  [ Submit ]

| **How can we reach you?** | Name (First, Middle, Last): LaWanda J. King |
|---|---|
| | Street Address: 20929 Ventura Blvd, #47207 |
| | City: Woodland Hills |
| | State: CA  Zip Code: 91364 |
| | Telephone Number: (773)575-1799 |
| | Home<br>Work<br>✓<br>Cell |
| | E-mail: ellejaykay15@gmail.com |
| | **Have you filed these allegations of employment discrimination with another federal or local agency?** |
| | Yes<br>✓<br>No |
| | If yes, provide the agency and date filed: |
| | Contact Name: _____ Phone Number: |

| **Who can we contact if we** | Name (First, Middle, Last): _Laurene C. King_ |
| | Street Address: _7031 W. Alta Vista Road_ |
| | City: _Laveen_ |
| **cannot reach you?** | State: _AZ_ Zip Code: _85339_ |
| | Telephone Number: _(773)294-1211_ |
| | Home<br>Work<br>✓<br>Cell |
| | E-mail: _Laur7031@gmail.com_ |

| **What is the name of the employer that you believe discriminated or retaliated against you?** | Company Name: _Ford Motor Company_ |
| | Street Address: _One American Road, Room 601-A1_ |
| | City: _Dearborn_ |
| | State: _MI_ Zip Code: _48126_ |
| | Telephone Number: _(313)322-3000_ |
| | **Give the date(s) and times you believe you were discriminated against:** |
| | Various informal and formal discrimination complaints filed beginning in 2011 but last was April 1, 2021. |

**Why do you believe your employer discriminated or retaliated against you?**

| | | | | |
|---|---|---|---|---|
| ✓ Race | National Origin | Sexual Orientation | Protected | Veteran Status |
| American Indian or Alaska Native | Hispanic or Latino | Gender Identity | | |
| ✓ Inquiring About Pay | Disability | | | ✓ |
| | Other | | | |
| Indicate Tribal Affiliation: | Color | Discussing Pay | | ✓ Retaliation |
| | | Disclosing Pay | | |
| | Religion | | | |
| Asian | | | | |
| ✓ Sex | | | | |
| ✓ Black or African American | | | | |
| Native Hawaiian or Other Pacific Islander | | | | |
| White | | | | |

## How did you learn that you could file a complaint with OFCCP?

✓
**Internet**
**Poster**
**Community Organization**
**OFCCP Meeting/Event**
**Brochure**
✓
**Other**

# Your Complaint:

**Please describe below what you think the employer did or didn't do that you believe caused discrimination or retaliation, including:**

1. **What actions the employer took against you.**
2. **Why you believe those actions were based on your: race; color; religion; sex; sexual orientation; gender identity; national origin; disability; veteran status; and/or inquiries about, discussions, or disclosures of your pay or the pay of others; and/or in retaliation for filing a complaint, participating in discrimination proceedings, opposing unlawful discrimination, or exercising any other rights protected by OFCCP.**
3. **When the employer actions happened, where they happened, and who was involved.**
4. **What harm, if any, you or others suffered because of the alleged discrimination or retaliation.**
5. **What explanation, if any, your employer or people representing your employer offered for their actions.**
6. **Who was in the same or similar situation as you and how they were treated. Include information such as the race, color, religion, sex, sexual orientation, gender identity, national origin, disability, or protected status of these individuals, if known.**
7. **What information you have about federal contracts the company that you worked for had at the time of the discrimination or retaliation you describe in this complaint.**

I am asking for consideration in filing my complaint due to receiving an intentional delayed answer (April 1, 2021) to my appeals and other complaints of coercion and employment discrimination from my employer and union. I was wrongfully terminated while on an approved medical leave of absence, currently being forced to retire early and deprived pension credits, lots of pay with inequalities that has caused me disparate treatment, severe economic impacts and health deterioration due to their ongoing actions. My work location is Chicago Assembly Plant however, both my employer (Ford Motor Company Headquarters) and UAW National Ford Department where my hearings were held were in Michigan. I have been getting the run around where to file my complaints.

In addition, I had to file an Article 33 Appeal with the Review Board against my Union that was granted in my favor to be reinstated pursuant to my Contractual Bargaining agreement. Since that time, my employer (Ford Motor Company) and Union (UAW) has denied me a reasonable accommodation to change my work location that assured I be left in a severely hostile work environment and perpetuated a discriminatory stratagem in retaliation for filing complaints against them that included dissolving my termination grievance (Umpire case No. 52950, Grievance #JC143) improperly and unethically and not fulfilled on their behalf. The process was with only two individuals and one should have excluded himself due to conflict of interest. I was prohibited from being in attendance in the alleged "pre-arbitration" hearing where they made decisions to dissolve my grievance on my behalf. I requested to be in attendance to ensure and assure the integrity of matters discussed and documents presented so they are not concealed again that supports my case as in their past discrimination practices. I have filed and attempted to file numerous complaints with other Agency's but some seem to be getting mysteriously lost, no record of me filing, other party notified of my filing prior and reason I am not filing with those same agencies this time. I am disabled pursuant to the ADA. I was denied

**requests to change work locations to maintain my work location at the Chicago Assembly Plant until I**

**quit, get fired or die. I need and request any urgent assistance possible and have attached more information for review. I have additional information to support my complaints but don't know how to attach.**

| | |
|---|---|
| **Do you think the discrimination includes or affects others?** | Do you believe other employees or applicants were treated the same way as you described above?<br><br>Yes<br>✓<br>No |
| **Do you have an attorney or other representative?** | If you are represented by an attorney, or another person, or an organization, please provide their contact information below.<br><br>Name (First, Middle, Last):<br><br>Street Address:<br><br>City:<br><br>State: ___ Zip Code:<br><br>Telephone Number:<br><br>E-mail:<br><br>Who should we contact if we need more information about your description of what occurred?<br><br>✓<br>You<br>Your Representative |
| **Signature and Verification** | I declare under penalty of perjury that the information given above is true and correct to the best of my knowledge or belief. A willful false statement is punishable by law.<br><br>I hereby authorize the release of any medical information needed for this investigation.<br><br>Signature of Complainant: _LaWanda J King_____ Date: _9/27/2021_ |

**Form CC-4 (Revised 5/2020)**

 Gmail                                    **Elle Keeng <ellejaykay15@gmail.com>**

## OFCCP Complaint Form
1 message

**Department of Labor/OFCCP** <OFCCP_Complaints@dol.gov>     Mon, Sep 27, 2021 at 11:55 AM
To: ellejaykay15@gmail.com

   **Complaint Involving Employment Discrimination by a Federal Contractor or Subcontractor**

<u>Please read the instructions before completing this form.</u>

**OMB: 1250-0002**
**Expires: 5/31/2023**      Reset Form    Print Form    Submit

| **How can we reach you?** | |
|---|---|
| | Name (First, Middle, Last): LaWanda J. King |
| | Street Address: 20929 Ventura Blvd, #47207 |
| | City: Woodland Hills |
| | State: CA  Zip Code: 91364 |
| | Telephone Number: (773)575-1799 |
| | Home<br>Work<br>✓<br>Cell |
| | E-mail: ellejaykay15@gmail.com |
| | **Have you filed these allegations of employment discrimination with another federal or local agency?** |
| | Yes<br>✓<br>No |
| | If yes, provide the agency and date filed: |
| | Contact Name: _____ Phone Number: |

| | |
|---|---|
| **Who can we contact if we** | Name (First, Middle, Last): Laurene C. King<br><br>Street Address: 7031 W. Alta Vista Road<br><br>City: Laveen |
| **cannot reach you?** | State: AZ  Zip Code: 85339<br><br>Telephone Number: (773)294-1211<br><br>Home<br>Work<br>✓<br>Cell<br><br>E-mail: Laur7031@gmail.com |
| **What is the name of the employer that you believe discriminated or retaliated against you?** | Company Name: UAW, National Ford Department<br><br>Street Address: 8000 East Jefferson Avenue<br><br>City: Detroit<br><br>State: MI  Zip Code: 48214<br><br>Telephone Number: (313) 926-5000<br><br>**Give the date(s) and times you believe you were discriminated against:**<br><br>Various forms of informal and formal complaints of discrimination filed since 2011 but last was April 1, 2021. |

| **Why do you believe your employer discriminated or retaliated against you?** | ✓ Race<br><br>American Indian or Alaska Native<br><br>Indicate Tribal Affiliation:<br><br>Asian<br><br>✓ Black or African American<br><br>Native Hawaiian or Other Pacific Islander<br><br>White | National Origin<br><br>Hispanic or Latino<br><br>Other<br><br>Color<br><br>Religion<br><br>✓ Sex | Sexual Orientation<br><br>Gender Identity<br><br>✓ Inquiring About Pay<br><br>Discussing Pay<br><br>Disclosing Pay | Protected Veteran Status<br><br>✓ Disability<br><br>✓ Retaliation |

## How did you learn that you could file a complaint with OFCCP?

✓
**Internet**
**Poster**
**Community Organization**
**OFCCP Meeting/Event**
**Brochure**
✓
**Other**

# Your Complaint:

**Please describe below what you think the employer did or didn't do that you believe caused discrimination or retaliation, including:**

1. **What actions the employer took against you.**
2. **Why you believe those actions were based on your: race; color; religion; sex; sexual orientation; gender identity; national origin; disability; veteran status; and/or inquiries about, discussions, or disclosures of your pay or the pay of others; and/or in retaliation for filing a complaint, participating in discrimination proceedings, opposing unlawful discrimination, or exercising any other rights protected by OFCCP.**
3. **When the employer actions happened, where they happened, and who was involved.**
4. **What harm, if any, you or others suffered because of the alleged discrimination or retaliation.**
5. **What explanation, if any, your employer or people representing your employer offered for their actions.**
6. **Who was in the same or similar situation as you and how they were treated. Include information such as the race, color, religion, sex, sexual orientation, gender identity, national origin, disability, or protected status of these individuals, if known.**
7. **What information you have about federal contracts the company that you worked for had at the time of the discrimination or retaliation you describe in this complaint.**


**1. A. Issue and Basis I was denied a reasonable accommodation to change work locations by returning to my basic work unit in retaliation and based on my disability, sex, race and age.**

**B. Prima Facie a. I filed numerous informal and formal complaints against my employer, union and others since 2011 and was wrongfully terminated in 2013. In August 2017, I attempted to file additional complaints and was instructed to utilize the Rust Consulting Firm Employee Claims process for all incidents that happened during the period Jan 2010 - August 2017. In 2019, I filed more complaints with the Illinois Department of Human Rights, The Illinois Department of Labor and again with the EEOC. I am disabled as defined by the Americans with Disabilities Act of 1990 ADA. My employer is aware of my disabilities. I have a history of my disabilities documented on record with my employer and with their Third-Party Insurer Unicare Life and Health. I am an African American female that is 62 years of age.**

**b. I was permanently placed back at the same work location that caused my substantial ruin, then ignored and left to be subjected to the same discrimination practices and unfair treatment with some of the same individuals that I filed complaints against. This time it was more intimidating, threatening and a more hostile work environment for me. These individuals were able to cover up what they did and get away with it. My Employer and Union intentionally failed to respond upon my requests to assure that I remain in a knowingly hostile work environment in effort to make me quit, get fired or force me to retire early. My Physician also requested a reasonable accommodation to change my work location but was denied. If my requests were granted, then I would not have suffered the extreme undue hardships because it would have been less stressful, a better work environment, friendlier employees and perhaps a management that knew my character and positive work ethics, etc. These denials, failures to act and strategic delays to**

respond until 2021 has caused me intentional economic strangulation and deterioration of my health.

On May 9, 2017, my employer and union official were aware that I had a disability, but made and agreement that was contingent upon me passing an employment physical. In order to pass the physical, it required me to change my medication and provide a letter as such in order for me to be reinstated. When I reported for work, I was intentionally assigned to an undesirable job in a location with mostly younger employees to replace an employee with less than a year seniority. The absence of my medication and being assigned on this job operation caused a flare up, severe pain and swelling. I worked through June 29, 2017 then went on Vacation Shutdown and returned to work on July 17, 2017 with a medical restriction. After several hours of waiting in Labor Relations, Labor Rep. Theo Chello, a white, younger, male sent me down to the plant floor to seek placement from some of the individuals that I previously filed harassment complaints against. They immediately declined to place me and then placed on No Work Available NWA July 17, 2017, then again Sept. 2017 and last in January 2018. Each time, I returned to find placement they denied me without any remedies or placement assistance considering my seniority. By this time, the denial and actions were clear and seem as if it was planned and successful in achieving their goal. I became more fearful and the discrimination was apparent which ultimately became overwhelming and caused me to have a flare up and be placed on a medical leave of absence. I was then forced to apply for Social Security Disability by March 2018. After I was denied accommodations again in 2020, I opted for a retirement package but was also denied stating that I was not eligible because I was on a Long-term medical leave.

On April 1, 2021, UAW Ford National Ford Dept. Rep. Scott Eskridge male, race, age unknown finally responded to all of my complaints on behalf of Employer and Union from 2017 to March 2021. His email indicated that I was denied my request to be accommodated that indicated You have no contractual rights back to OHAP because you took the Enhanced Relocation moving allowance when you came to CAP in 2010.

c. Pursuant to the 2015 Ford UAW Contractual Bargaining Agreement, these agreementsincluded to allow all employees the option to return to their basic work unit that had relocated beginning 2010. I was qualified and entitled. My employer is subject to the ADA. I am disabled pursuant to the ADA. My employer is aware of my disabilities. Granting me a reasonable accommodation to change work locations would not have caused them any undue hardships because they had job openings, began recruiting and hiring from the streets.

d. Majority of the employees that relocated to Chicago Assembly and elsewhere the sametime and after I did, also took the same Enhanced Relocation moving allowance of $30K was allowed to return to their basic unit pursuant to this agreement. There were job openings that I was able to perform and available to me. My employer began hiring from the streets for the past several years which most were younger and male.

Alicia Smith, Hispanic female, not disabled Candice Bivens, African American female, under age 40, not disabled. Shawn Kapachu, white male, younger, not disabled.

2. A. Issue and Basis I was denied medical placement and forced to apply for early retirement through the Social Security Administration with continuing threats to be fired again in retaliation and based on my age, disability race and sex.

**B. Prima Facie a. I filed numerous informal and formal complaints against my employer, union and others since 2011 and wrongfully terminated in 2013. In August 2017, I attempted to file additional complaints and was instructed to utilize the Rust Consulting Employee Claim process for all incidents that happened during the period Jan 2010 August 2017. I utilized this process and filed additional harassment and discrimination complaints that included collaborated efforts of coercion between my employer, my union and others. In 2019, I filed more complaints with the Illinois Department of Human Rights, The Illinois Department of Labor and again with the EEOC. I am disabled as defined by the Americans with Disabilities Act of 1990 ADA. My employer is aware of my disabilities. I have a history of my disabilities documented on record with my employer and with their Third-Party Insurer Unicare Life and Health. I am an African American female that is 62 years of age.**

**b. There was supposed to be a committee available to help find me placement but this did not happen.**

**3. Issue and Basis I was denied any portion of the 2017 $10 million Settlement Agreement between Ford Motor Company and the EEOC in retaliation and based on my age, sex and disability.**

**B. Prima Facie**

**a. I filed numerous informal and formal complaints against my employer, union and otherssince 2011 and wrongfully terminated in 2013. In August 2017, I attempted to file additional complaints and was instructed to utilize the Rust Consulting Employee Claim process for all incidents that happened during the period Jan 2010 - August 2017. I utilized this process and filed additional harassment and discrimination complaints that included collaborated efforts of coercion between my employer, my union and others. In 2019, I filed more complaints with the Illinois Department of Human Rights, The Illinois Department of Labor and again with the EEOC. I am disabled as defined by the Americans with Disabilities Act of 1990 ADA. My employer is aware of my disabilities. I have a history of my disabilities documented on record with my employer and with their Third-Party Insurer Unicare Life and Health. I am an African American female that is 62 years of age.**

b.    In 2018, I submitted my claim form that indicated additional complaints of

harassment and discrimination against Anthony Giles and Darren McElroy that was supposed to be confidential and included collaborated efforts of coercion between my employer, my union and others. Nobody will admit it but suspiciously myself and many other employees that was denied or failed to submit a claim had previously filed sex harassment complaints, female, over the age of 40 and traditional employees with pensions. We experienced a disparate impact that resulted unfair treatment and further questions the validity and creditability of the process associated as well as terms and conditions. When questioned who was on the panel reviewing our confidential documents and making decisions, we were not privy to this information. We don't know if former Labor Rep Natalie Dahringer who caused me and others demise was involved somehow. A year later in 2019, I received a response from Rust Consulting Firm denying me any entitlement to the 2017 $10 Million EEOC vs Ford Settlement stating that I returned my claims form beyond the deadline which was not true. The Claim form indicated to return the document within 120 days from the date on the form but there was no date displayed on the form or the envelope provided. Further, the procrastination and process seem to target certain individuals and I should have been notified timelier to filed my complaints with another agency. I traveled from California to Illinois to file complaints with the Illinois Dept of Human Rights who was sarcastic with me and then referred to EEOC where a male took my complaint when I showed them the forms had no dates and said they would get back with me. I was later provided a female supervisors contact information but she never returned my call then we began experiencing the pandemic so I assumed this to be the reason. c. The Employee Claims form and letter mailed out to employees stated the claims should be submitted within 120 days of the date on this notice. There were no dates on the letter or envelope. I also received my letter approximately one month after other friends and co-workers. However, myself and a group of co-workers and employees discussed this issue, called and explained the issue to the Acting Attorney and was provided a date in February 2018. Some that witnessed the harassment and discrimination that I was subjected was afraid to submit their claim. I was compliant in submitting my claim with additional supporting documents before the deadline. We kept calling to check the status and we were told they were being process and all they could tell us. The determination was mailed over a year later in 2019.

d. While all of us worked in this extremely hostile work environment and subjected to some form of harassment and discrimination, many traditional older employees with a pension and most that filed sex harassment complaints were denied any portion of the settlement. Most of the employees that received an award was younger, did not file a claim at all younger, one deceased younger male that died before agreement was made and granted award or worked at Ford less than a month and never filed a claim that was younger female. Therefore, the terms and conditions of this settlement agreement seems unfair, discriminatory and perpetuates a disparate impact or lends merit that whoever was on this panel targeted certain individuals by race and sex. We was denied this information upon request.

4. A. Issue and Basis: On April 1, 2021 I received an intentional delayed response to my appeals and other complaints of significance that included erroneous record information again, non-fulfillment of an improper agreement made on my behalf and continued to deny me in retaliation and based on my disability, age, sex and race.

B. Prima Facie a. I filed numerous informal and formal complaints against my employer, union and others since 2011 and wrongfully terminated in 2013. In 2016, I had to file an Article 33 Appeal against my union to reinstate my termination grievance. In August 2017, I attempted to file additional complaints and was instructed to utilize the Rust Consulting

**Employee Claim process for all incidents that happened during the period Jan 2010 August**

2017. I utilized this process and filed additional harassment and discrimination complaints that included collaborated efforts of coercion between my employer, my union and others. In 2019, I filed more complaints with the Illinois Department of Human Rights, The Illinois Department of Labor and again with the EEOC. I am disabled as defined by the Americans with Disabilities Act of 1990 ADA. My employer is aware of my disabilities. I have a history of my disabilities documented on record with my employer and with their Third-Party Insurer Unicare Life and Health. I am an African American female that is 62 years of age. b. Ford Rep Johanna Shea, white female and Union Rep Reggie Ransom, African American male made an improper agreement on my behalf that was more a collaborated stratagem with intentional actions and delayed responses to my complaints of non fulfillment and other terms that has perpetuated the same past discrimination practices. This behavior has severely ostracized me and caused me intentional undue hardships, financial strangulation, deterioration of health and deprivation of substantial material benefits and other privileges of employment especially as a seniority employee. My employer and union both were at fault for leaving me out there for over four years, then made every effort to evade any accountability, responsibility or liability to me. I have been blatantly discriminated against and they have been able to continue to deprive me as a human being let alone a Legacy Employee based on falsified documents and assumptions from biased labor reps. to assure me a lifelong economic impact and destruction. The terms and conditions of employment agreement seems to be inconsistent when applying policies and procedures depending on the employee. I was terminated while on an approved medical leave of absence in 2013 when labor reps Kathy Fivecoat a white female and Natalie Dahringer a white female intentionally strategized and altered my employment records, changed my address of record and PIN allegedly in error in retaliation. The alleged reason for terminating me was proven wrong and otherwise during past depositions and during my appeal process. Kathy Fivecoat was allowed to remain in Labor Relations and perpetuate additional actions of harassment and falsified my records again that has caused me to file so many complaints and deprived of my pay again. After filing complaints with the National Labor Relations Board NLRB in August 2015, the UAW Servicing Rep Jody Dunn, white, male sided with the company and closed my termination grievance two weeks after assuring the NLRB otherwise and without consulting me or notifying me. I learned of this action in May 2016 when Mr. Ransom accompanied Michelle Dahn white, younger female daughter of a Union Rep, to an arbitration hearing at the Chicago Assembly Plant. I filed an Article 33 Appeal against the Union to reinstate my termination grievance in June 2016 that was eventually granted in my favor on February 7, 2017. The Article 33 Review Board confirmed that I was compliant to the 5-day notice, should not have been terminated and Mr. Dunn was wrong to side with the company and close my grievance, granted in my favor and ordered to be reinstated. My termination grievance JC143 indicated a requested adjustment stating The Union and Aggrieved request Aggrieved be reinstated immediately and all monies lost made whole. I asked Mr. Ransom to achieve retroactive Seniority, Pension Credits and Back Pay an all other material benefits lost such as signing bonuses and profit sharing for each year, etc.

I was NOT informed of the alleged Pre-Arbitration meeting held on May 9, 2017 between Johanna Shea, Ford Motor Company Labor Affairs Rep and Reggie Ransom, UAW National Ford Dept. Assistant Dir. until May 18, 2017. I requested to be in attendance but was not accorded the opportunity, not provided proof of what was actually requested on my behalf to dissolve my grievance in such an improper manner the it was and further lends merit that it was unethical, questions the integrity considering the UAW scams and definitely not in my best interest. Mr. Ransom told me that I had no say so in how he settled my grievance and the company does not pay back pay awards anymore. I learned this was also falsified and

felt swindled by Mr. Ransom when it was broadcast on television that other employees did receive back pay in addition to more and/or similar benefits as I did. I was later told that saving the company money can offer incentives. Both of these individuals have received promotions since my settlement and question if it was a conflict of interest for Mr. Ransom to be considered a neutral party to represent me by himself. He was part of the Union that I filed complaints against to the NLRB because they ignored my requests for assistance. I was also led to believe by him that it would be at least three people and also allow me to be in attendance like others was allowed in their grievance process. These issues are among the complaints I filed because they are both negligent in the fulfillment of the agreement and the handling of my grievance process. c. Pursuant to Contractual Bargaining Agreement, Vol. Article VIII, Section 5 states that if grievance is reversed seniority is not lost. I provided all documents, time sheets, etc that had been concealed in courts, appeals etc. to Mr. Ransom. Pursuant to the CBA under Arbitration

states Settlement An adjustment arrived at during the pre complaint or formal complaint process, which resolves issues raised to the satisfaction of the complainant. The terms of the adjustment must be set out in a negotiated settlement agreement. My Employer is subject to provisions of the ADA.

4. In 2013, I was wrongfully terminated while on an approved medical leave of absence for my disability for allegedly failure to respond to a 5-Day Notice. When my grievance was settled in 2017, I receive no backpay and assigned not back in my original location according to my seniority. I was treated very differently than other employees with similar seniority or less whereas these actions display blatant discrimination and unequal pay and treatment as it relates to the terms and conditions of the employment policy. The policy is shown to be flexible and inconsistently applied depending on the employee and applied different towards me than the three men involved in a physical altercation that led to shootings and violence in 2016 and violation of company policy. In 2019, employee William Cowart, African American male was treated more favorably, on television and social media with his attorney stating that he received reinstatement and a year backpay from my employer.

Heather Hoekstra, a white, younger female, filed sex harassment complaints and litigation against my employer and we utilized the same attorney represented us. I became aware of her substantial settlement that accorded her the opportunity to be settled and option to maintain her employment and material benefits.

My attorney at the time, John Moran provided me that the same offer as Hoekstra from my employer but differed whereas we would get the exact same amount, even though she was not terminated or left in the streets without benefits etc. But my terms was that I would have to relinquish all of my employee benefits and pension. I declined the offer and later learned that Grant Morton failed to sign his declaration timely on my behalf.

Grant Morton a white, male, disabled, was my former Union Chairman, provided a Declaration statement on my behalf during my litigation proceedings but was discretely coerced not to timely sign it that proved detrimental to my case. Shortly afterwards he settled with my employer for a very substantial amount. He filed harassment complaints against my employer, he received reasonable accommodation of being medically placed on his job due to his disabilities and able to maintain his employment as well as enjoy the privileges and all material benefits associated. I was not treated the same and much less favorably.

In conclusion, I have experienced many episodes of severe stress, depression and anxiety during this process of trying to get help to help me file these complaints. So I pray that someone can assist me as this is a urgent matter. If anyone calls please leave me a message if I do not answer because I get weird and threatening calls in the past, car and home vandalized, run off the road after filing complaints and reason I moved away from Chicago. Thank you in advance and God bless.

| | |
|---|---|
| **Do you think the discrimination includes or affects others?** | Do you believe other employees or applicants were treated the same way as you described above?<br><br>Yes<br>✓<br>No |
| **Do you have an attorney or other representative?** | If you are represented by an attorney, or another person, or an organization, please provide their contact information below.<br><br>Name (First, Middle, Last):<br><br>Street Address:<br><br>City:<br><br>State: ___ Zip Code:<br><br>Telephone Number:<br><br>E-mail:<br><br>Who should we contact if we need more information about your description of what occurred?<br><br>✓<br>You<br>Your Representative |
| **Signature and Verification** | I declare under penalty of perjury that the information given above is true and correct to the best of my knowledge or belief. A willful false statement is punishable by law.<br><br>I hereby authorize the release of any medical information needed for this investigation.<br><br>Signature of Complainant: _LaWanda J King_____ Date: _9/27/2021_ |

**Form CC-4 (Revised 5/2020)**



*U.A.W. Local 551*

13550 S. TORRENCE AVENUE
CHICAGO, ILLINOIS 60633
Phone (773) 646-1472
Fax (773) 646-5859

**UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA – UAW**



**CHRIS PENA**
*President*

**SCOTT HOULDIESON**
*Vice President*

**MINDY CAPPS**
*Recording Secretary*

**STEVE ROMAN**
*Financial Secretary*

**TERRI HOULDIESON**
**JASON WACHOWSKI**
**SCOTT MATHEY**
*Trustees*

**WAYNE DAVIS**
*Sergeant-at-Arms*

**KEN DENHARTOG**
*Guide*

**COBY MILLENDER**
*Chairman,*
*Chicago Assembly Plant*

**AARON STRAKER**
**TOMMY KOTTALIS**
**JEFF BACON**
*Unit Committee*

**LESTER LONG**
*Retirees Rep.*

May 18, 2017

Lawanda King
PO Box 804678
Chicago, IL 60680

RE: Reinstatement/ Grievance:  JC143

Dear Ms. King,

Enclosed please find the disposition from the Pre-Arbitration meeting held on May 9, 2017. It is imperative that you contact the plant immediately regarding your reinstatement, Labor 773-646-3100 or for further questions please call the Chairman, Coby Millender 708-702-0171.

Sincerely,

*Mindy Capps*

**Mindy Capps**
Recording Secretary
UAW Local 551





May 9, 2017

Mr. Reggie Ransom
Assistant Director
UAW-National Ford Department
8000 East Jefferson
Detroit, MI 48214

Dear Mr. Ransom:

> Re: **Umpire Case Number**: 52950
> **Grievance Number: JC143**
> Lawanda King
> Chicago Assembly Plant

In full and complete settlement of the above grievance and without any precedent to any other issues, the Company and Union agree Ms. Lawanda King will be offered the opportunity to be reinstated to work with full seniority. The reinstatement is contingent upon Ms. King successfully passing a Company administered reinstatement physical and drug screen within thirty days of the date of this disposition.

The reinstatement is without any back pay. Upon her reinstatement, Ms. King will receive payments for the 2013, 2014, 2015, 2016 Inflation Lump Sum, 2013, 2014, 2015, 2016 Competitiveness Bonus, and the 2015 Up Front Lump Sum Bonus. In addition, Ms. King will receive a pro rata average of Profit Sharing payments equivalent to $7500.

The Company is under no obligation to notify Ms. King of this opportunity beyond providing the Union with a copy of this disposition.

Sincerely,

/s/

Johanna Shea
Manager,
Arbitration and Wage
Administration

Cc: R. Kantautas
B. Rooney
B. Brewster



*Solidarity House*

8000 EAST JEFFERSON AVE
DETROIT, MICHIGAN 48214
PHONE (313) 926-5000
FAX (313) 823-8016



INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA — UAW

DENNIS D WILLIAMS, *PRESIDENT*    GARY CASTEEL  *SECRETARY-TREASURER*
VICE-PRESIDENTS   CINDY ESTRADA  •  NORWOOD JEWELL  •  JIMMY SETTLES

March 8, 2017

Johanna Shea
Union Relations, Arbitration & Wage Administration
Ford Motor Company
One American Road, Room 601-A1
Dearborn, MI 48121

RE:   Umpire Case No. 52950 (Grievance No. JC143)
      Aggrieved Employee: LAWANDA J. KING

Dear Ms. Shea:

The UAW International Union Executive Board has ordered the reinstitution of the following
grievance number listed below back to the 4th stage of the grievance procedure.

| Umpire Case # | Appeal # | Aggrieved Name |
|---|---|---|
| 52950 | JC143 | King, Lawanda |

Please take the necessary steps to reinstate this grievance in accordance with the October 5,
1976, "Letter of Understanding" pertaining to "Reinstitution of Grievances"

If you have any questions, please feel free to contact me at (313) 926-5391.

Sincerely,

Reggie Ransom
Assistant Director
UAW National Ford Department

RR/st
opeiu494
cc:   Chuck Browning, Executive Administrative Assistant to Dennis Williams
      Jodey Dunn, Coordinator, NFD
      Brad Dutcher, Assistant Director, Region 4
      Ron McInroy, Director, Region 4
      Darryl Nolen, Executive Administrative Assistant to Jimmy Settles
      Jimmy Settles, International Vice President, NFD
      Tony Tallarita, Regional Rep., Region 4
      Dennis Williams, President, UAW



*Solidarity House*

8000 EAST JEFFERSON AVE.
DETROIT, MICHIGAN 48214
PHONE (313) 926-5000
FAX (313) 823-6016



**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA – UAW**

DENNIS D. WILLIAMS, *PRESIDENT*    GARY CASTEEL, *SECRETARY-TREASURER*

VICE-PRESIDENTS:    CINDY ESTRADA   •   NORWOOD JEWELL   •   JIMMY SETTLES

February 7, 2017

LaWanda King, Member
UAW Local Union 551
PO BOX 804678
Chicago, IL 60616

Dear Sister King:

Your appeal to the International Executive Board, submitted per Article 33 Section 3(d) of the International Constitution, has been processed by my office to the International Executive Board.

In accordance with the established procedure, enclosed is the decision of the International Executive Board on your appeal.

In solidarity,

Dennis D. Williams
President
International Union, UAW

DDW:JG:td
opeiu494
Attachment

cc:    Garry Bernath, Administrative Assistant to the President
       Chuck Browning, Executive Administrative Assistant to the President
       Melinda Capps, Recording Secretary, UAW Local Union 551
       Brad Dutcher, Assistant Director, UAW Region 4
       Jim Gallagher, Administrative Assistant to the President
       Rick Hoffman, Appeals Committee
       Max Jeffrey, Appeals Committee
       Ron McInroy, Director, UAW Region 4
       Christopher Pena, President, UAW Local Union 1

OPBU494
PRINTED IN U.S.A.

# LaWanda J. King
## Local 551, Region 4

## APPEALING THE SETTLEMENT OF TERMINATION GRIEVANCE

**Appeals Team:  Rick Hoffman**
**Max Jeffrey**

| Appeal of:<br><br>LaWanda J. King, Member,<br>UAW Local Union 551<br><br>vs.<br><br>UAW National Ford Department<br><br>**Region 4** | Appealing the withdrawal of termination<br>Grievance No. JC143 |

This Appeal is being processed by the International President's Office in accordance with the provision of Article 33, Section 3(d) of the UAW International Constitution. A hearing was held on Thursday, October 6, 2016 at UAW Local Union 551, located in Chicago, Illinois.

**APPEALS COMMITTEE**

Rick Hoffman

Max Jeffrey

**APPEARANCES**

**FOR THE APPELLANT**

LaWanda J. King, Appellant

**FOR THE LOCAL UNION**

Chris Pena, President, UAW Local Union 551

A. Coby Millender, Chairperson, UAW Local Union 551

**FOR THE REGION**

Tony Tallarita, International Representative, UAW Region 4

**FOR THE NATIONAL DEPARTMENT**

Jodey Dunn, International Representative, UAW National Ford Department

**LaWanda J. King, Member, UAW Local Union 551, Region 4 vs. UAW National Ford Department**

## ISSUE

LaWanda J. King, hereinafter referred to as ("the Appellant"), argues that Jodey Dunn, International Representative assigned to the National Ford Department, failed to properly represent her when he withdrew her grievance #JC143 protesting her termination for "Failure to Respond to Notice."

## FACTS

The Appellant was employed by Ford Motor Company, hereinafter referred to as ("the Company"), from October 5, 1992 until her termination on April 2, 2013.



The Appellant has been disciplined six (6) times during her employment with the Company.

[SEE EXHIBIT ON FOLLOWING PAGE]

2

LaWanda J. King, Member, UAW Local Union 551, Region 4 vs. UAW National Ford Department

Employee
Signed: _____

Not necessary to fill in enclosed space when Grievance
concerns Union Rights ONLY

Date 4/3/13

Nature of Grievance _LOSS OF SENIORITY_

Violation of Article _8_                    Section _5_

Statement of Case _KING WAS UNDER DR. CARE FOR ALL AWOLS INCURRED._
_KING HAS BEEN IN CONTACT WITH UNICARE: PLANT MEDICAL AND_
_LABOR REP AARON WYNN. KING LEFT MESSAGES WITH LABOR IN_
_REGARDS TO THE '5 DAY NOTICE' AS STATED ON NOTICE._

The Adjustment Requested: _THE UNION AND AGGRIEVED REQUEST AGGRIEVED_
_BE REINSTATED IMMEDIATLEY AND All MONIES LOST Made_
_WHOLE_

Signed (Bargaining Committee): _____

| Date Stamp Disposition | Disposition by Company |
|---|---|
| | [Signed] _____ (Company Representative) |
| | Date _____ |

All Grievances Must Be "Date Stamped" by Company Representative on Date Presented and Disposed
WHITE - ORIGINAL — CANARY - DUPLICATE — PINK - TRIPLICATE — GOLD - QUADRUPLICATE        FORM FR-A - REVISED 305

The Appellant's grievance was heard at the 2nd Step of the grievance procedure by UAW Committeeperson Jeff Bacon and the Company's Labor Relations Representative Alex Kewney on October 10, 2013. The instant grievance was denied by the Company and appealed by the Union to the next step of the grievance procedure.

LaWanda J. King, Member, UAW Local Union 551, Region 4 vs. UAW National Ford Department

The Appellant's grievance was heard in a pre-arbitration meeting on August 14, 2015 at the Ford World Headquarters. The Appellant's Grievance #JC143 was settled and closed by UAW Ford Department, International Servicing Representative Jodey Dunn. The Appellant was notified that Grievance No. JC143 was not heard in her favor by a letter dated May 13, 2016.

## DISCUSSION

The Appellant testified that she has worked for the Company at two (2) different locations for over 23 years. During her employment, she has been on thirteen (13) medical leaves.

The Appellant testified that on March 28, 2013, former UAW Local Union 551 District Committeeperson John Cullum sent a text message to her informing her that the Company had sent her a 5-day quit letter. The Collective Bargaining Agreement requires an employee, after receiving a 5-day notice, must **either report to work or give a satisfactory reason for his/her absence.**



Region 4 UAW International Representative Tony Tallarita testified that "Reporting to Work" is generally interpreted as coming to the plant to clear medical with appropriate paperwork releasing you to work and then reporting to the plant floor for duty on the next scheduled shift after being cleared to return. All of which needs to be accomplished prior to the "effective date" or "due date" of the Quit Notice.

The other option is to, "give a satisfactory reason for his/her absence." This is generally interpreted that he/she is still in need of being off work on medical leave and will provide a properly filled out 5166 Medical Certification Form to the Medical Department prior to the effective date or deadline of the Quit Notice. Providing satisfactory reason for absence is also commonly applied by the Company as a requirement to correct and/or satisfy all outstanding deficiencies with a medical leave of absence.

12

LaWanda J. King, Member, UAW Local Union 551, Region 4 vs. UAW National Ford Department

## CONCLUSION

Any time you are attempting to prove whether or not a member's argument has merit, the member's testimony must coincide with the facts. In the instant case, it comes down to the merits of the Appellant's testimony and all facts which support or contradict her position and the decision of International Representative Jodey Dunn of the UAW National Ford Department. It is undisputed that once a 5-day letter has been sent by the Company to the Appellant, the  Appellant is contractually obligated to either report to work or give a satisfactory reason for his/her absence. The Appellant provided satisfactory reason for her absence related to the Company's 5-day letter.

The Appellant requested the Company's insurance carrier, UniCare, provide her with benefits from March 3, 2013 through April 30, 2013. The record shows that the Appellant demonstrated to the Company's insurance carrier satisfaction that she was under the care of a physician. UniCare certified her claim on March 26, 2013. Further, the attending physician noted on the Appellant's Form 5166 that she would be off work for 1-3 months. The Appellant contacted UniCare about her paperwork. UniCare notified the Appellant that the Company's Medical Department altered the date on her documentation in error and that the UniCare office was working with Dr. Lewis and the Company's inplant medical staff to rectify the error. Although notification and acceptance of the Company's insurance carrier is not in and of itself contractually controlling, it is part of the Medical Leave process.

 The next part of the process is to satisfy the Company's Medical Department. Contacting the Company's Medical Department by phone to clear up any deficiencies in an employee's Medical Leave application or extension is an acceptable practice at this facility. The Company's Labor Relations Associate Natalie Derwelis Dahringer immortalizes this method of communication in securing a Medical Leave or extension in her letter to the Appellant dated March 21, 2013.

13

LaWanda J. King, Member, UAW Local Union 551, Region 4 vs. UAW National Ford Department



The final part of the Medical Leave process is to notify the Labor Relations Department. The Appellant phoned the Labor Relations Department on April 1, 2013. The Company's Labor Relations telephone numbers she called were (773) 646-7183, (773) 646-7194 and (773) 646-7142. Telephone Number (773) 646-7142 is Labor Relations Representative Aaron Wynn's telephone number. The Appellant identified herself, provided a reason for her call, left a reason for her absence, and requested a return call or message. No one from the Company's Labor Relations Department attempted to call the Appellant. In a deposition related to litigation concerning the discharge of the Appellant, Labor Relations Representative Aaron Wynn testified, "Had Ms. King contacted and spoken with me on April 1, 2013, I would have instructed her to immediately provide adequate documentation to the CAP Medical Department." The Appellant did exactly what the Company's Labor Relations Representative would have required her to do if her call had been answered or returned. The Appellant's testimony that she called the Company's Medical Department on April 1, 2013 is corroborated by the evidence in the case record.

The instant grievance was initially given to UAW International Representative Jerry Lawson but International Representative Jodey Dunn, UAW National Ford Department, settled the grievance in negotiations. Jodey Dunn testified that the Appellant relied on her doctor's office to fax her paperwork to the Company. He also testified that the Appellant did not get her doctor's note extending her leave to the Company in time. Without accrediting the Appellant's testimony that she spoke to Rosemary from the Company's Medical Department for 30-40 minutes on April 1, 2013 and that she was assured all paperwork was in order, he decided to accredit and accept the Company's last position and settle the Appellant's grievance by withdrawing it.

## CONCLUSION



It is a well-established fact that high seniority is a major mitigating factor in discipline and discharge cases.



The Appellant, being an employee with high seniority, was aware and informed of her contractual obligations when providing her employer with correct and accurate information to support her

15

LaWanda J. King, Member, UAW Local Union 551, Region 4 vs. UAW National Ford Department



medical leave of absence. The Appellant's testimony and evidence demonstrate and corroborate her assertion that she satisfied her contractual obligation on April 1, 2013 when she contacted the Company's Medical Department and was assured her paperwork was in order.



Labor Relations Representative Aaron Wynn, who terminated the Appellant for failure to respond to notice, ignores the fact that the Appellant tried three (3) times to contact his office by phone, as well as the Appellant's testimony that she left messages for him to call her if he had any questions. He also ignores the fact that the Appellant spoke to the Company's Medical Department for forty (40) minutes. He even testified, under oath, that if she had reached him on that day, he would have told her to contact the Medical Department.

Article 33, Section 4(i) of the UAW International Constitution requires grievances be handled and disposed of on a rational basis. The Union has a legal obligation to fairly represent its members. It would be irrational not to fulfill said legal obligation. The duty of fair representation requires the Union to act fairly and in good faith and without discrimination when prosecuting grievances. To act fairly and in good faith, the Union must not be perfunctory in the investigation or arbitrary in their decision making.

International Representative Jodey Dunn, UAW National Ford Department, relied on the Company's position that the Appellant failed to properly respond to a 5-day quit notice by providing a doctor's note in a timely fashion. The Collective Bargaining Agreement only requires her to **give a satisfactory reason for his/her absence.**



**DECISION**

In light of the above, the Appellant's appeal is granted.

DDW:RH/MJ/mcl
opeiu494

16



*Solidarity House*

8000 EAST JEFFERSON AVE.
DETROIT, MICHIGAN 48214
PHONE (313) 926-5000
FAX (313) 823-6016

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA – UAW**

DENNIS D. WILLIAMS, *PRESIDENT*       GARY CASTEEL, *SECRETARY-TREASURER*

VICE-PRESIDENTS:   CINDY ESTRADA   •   NORWOOD JEWELL   •   JIMMY SETTLES

May 13, 2016

Ms. Lawanda King
P.O. Box 804678
Chicago Ill, 60680

Dear Ms. King:

This letter is to inform you that your grievance was heard in a pre-arbitration meeting held on August 14, 2015, at Ford World Headquarters. I am sorry to inform you that your grievance was not heard in your favor. Your grievance was settled and closed in that meeting.

I want to inform you that you have the right to appeal this decision under Article 33 of the UAW Constitution.

Should you have any questions, please feel free to contact me at (313) 926-5391.

Fraternally,

Jodey Dunn
International Servicing Representative
UAW National Ford Department

JD:jc
opeiu494
cc:   C. Millender, Chairperson, LU 551
      C. Pena, President, LU 551
      T. Tallarita, Regional Representative

OPEIU494
PRINTED IN U.S.A.

ОC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Lawanda King<br>P.O. Box 804678<br>Chicago, IL 60680 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 440-2015-01609 | Eva Baran,<br>Investigator | (312) 869-8023 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

10/11/17
(Date Mailed)

Enclosures(s)

cc: **FORD MOTOR COMPANY**
c/o Kathleen Nemechek
2600 Grand Boulevard Suite 1200
Kansas City, MO 64108

JC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2015-01609 |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. LaWanda King** | **(773) 610-3496** | **01-06-1959** |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 804678, Chicago, IL 60680 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **FORD MOTOR COMPANY** | **500 or More** | **(773) 646-7530** |

| Street Address | City, State and ZIP Code |
|---|---|
| 12600 S Torrence Ave, Chicago, IL 60633 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| | **11-06-2014** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was employed with Respondent from in or around October 1992 until in or around April 2, 2013. I previously filed EEOC charge number 440-2012-02740 under Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended and am currently in litigation. In or around March 2014, I did not receive required financial information from Respondent. In or around October 2014, I discovered that Respondent changed my address and contact information without my knowledge which subjected me to loss of information, including, but not limited to, not being able to access my financial information and other pertinent data.

I believe Respondent discriminated against me in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1946, as amended and the Americans with Disabilities Act of 1990, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT DEC 0 9 2014 |
| **Dec 09, 2014** _____ Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* CHICAGO DISTRICT OFFICE |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

# 18M0810.03

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2018CA0489 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) |
|---|---|
| LaWanda J. King | (773) 575-1799 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| P.O. Box 804678 | Chicago, Illinois 60680 | 01/06/1959 |
| | | MM / DD / YYYY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area |
|---|---|---|
| United Auto Workers International-Local #551 | | (313) 926-5000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 8000 East Jefferson Avenue | Detroit, Michigan 48214 | Cook (031) |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Race    Age    Sex    Disability | 05/18/2017 |
| | ☒ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

## S E E   A T T A C H E D

Page 1 of 5

ACF

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS _21_ DAY OF _September_ 2017.

X _(signature)_
NOTARY SIGNATURE

OFFICIAL SEAL
JACQUELYN TURNER HAMS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/12/17

NOTARY STAMP

X _(signature)_
SIGNATURE OF COMPLAINANT

9/21/17
DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief