IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWANDA KING | ) | |
| | ) | |
| Plaintiff | ) | Case No. 22-cv-00259 |
| | ) | |
| v. | ) | |
| | ) | Honorable Martha Pacold |
| FORD MOTOR COMPANY, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW | ) ) ) ) ) ) | |
| Defendant(s) | ) | |

### UAW'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant, International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, UAW ("UAW" or "the Union"), by and through its attorney, Joshua M. File of Katz, Friedman, Eisenstein, Johnson, Bareck, and Bertuca, P.C., and hereby moves to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support hereof, UAW states as follows:

1. Defendant UAW received Summons and a copy of Plaintiff's Amended Complaint on May 9, 2022.

2. The UAW was never served with Plaintiff's initial Complaint, notwithstanding that it was named as a Defendant in that Complant. Dkt. # 1.

3. Plaintiff's prolix Amended Complaint generically identifies five purported claims: (1) employment discrimination, hostile work environment and retaliation; (2) disability discrimination; (3) breach of contract; (4) fraud; and (5) compensation discrimination.

4  Plaintiff's Amended Complaint fails to specifically identify which of her five purported claims are being brought against the UAW. Indeed, as best we can tell, the vast

1

majority of Plaintiff's claims appear to be against her former employer, Ford Motor Company, and not against the Union.

5. Nevertheless, to the extent that any or all of Plaintiff's five purported claims are brought against the UAW, each must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### Rule 12(b)(6) Legal Standard

6. Rule 12(b)(6) provides for dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

7. In reviewing a motion under Rule 12(b)(6), the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013); see also *McCauley v. City of Chicago*, 671 F. 3d 611, 616 (7th Cir. 2011).

8. To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "sufficient factual matter" that is "plausible on its face." *Ashcroft b. Iqbal*, 556 U.S. 662, 678 (2009).

9. The complaint must contain more than mere "labels and conclusions" or "naked assertions devoid of further factual enhancement." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### Plaintiff's Discrimination Claims Are Time-Barred

10. Putting aside the absence of specific factual allegations underlying Plaintiff's generic claim(s) for harassment, hostile work environment, retaliation, and/or discrimination, all of her claims are time-barred for failure to meet statutory prerequisites for filing such claims.

... 

11. Before a plaintiff can bring an employment discrimination lawsuit under Title VII, the ADA, and/or the ADEA, she must first "file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the Plaintiff must receive a right-to-sue letter. *Conner v. Illinois Dept. of Natural Resources*, 431 F.3d 675, 680 (7th Cir. 2005); *see also Evoy v. Illinois State Police*, 429 F. Supp. 2d 989, 99 (N.D. Ill. 2006) (applying ADEA and ADA claims); *Taylor v. Northwestern Memorial Hospital* 521 F.Supp.3d 714, 715-16 (N.D. Ill. 2021).

12. The Charge must be filed within 300 days of the alleged discriminatory act(s). 42 U.S.C.A 2000e-5(e)(1); *Roney v. Illinois Dept. of Transportation*, 474 F. 3d 455, 460 (7th Cir. 2007).

13. Plaintiff has (1) failed to allege that she timely filed an EEOC Charge of Discrimination against the UAW detailing the alleged discriminatory acts set forth in her Amended Complaint, and (2) she has failed to allege or attach as an exhibit any Notice of Right to Sue issued by the EEOC.

14. Even if, *arguendo*, Plaintiff had timely filed an EEOC Charge against the UAW and received a Notice of Right to Sue, she was obligated to file suit within 90 days of receipt of the EEOC right-to-sue letter. *Taylor v. Northwestern Memorial Hospital*, 521 F. Supp. 3d 714, 715-716 (N.D. Ill. 2021).

15. Plaintiff has failed to allege or establish that she filed her initial Complaint in this case within 90 days of receiving any EEOC Notice of Right to Sue the UAW.

16. Accordingly, to the extent that any of Plaintiff's claims for employment discrimination, hostile work environment, retaliation, sexual harassment or disability discrimination are aimed against the UAW, all such claims must be dismissed pursuant to Rule

12(b)(6) as time-barred by virtue of Plaintiff's failure to meet the statutory prerequisites for filing.[1]

**Plaintiff's Breach of Contract and Duty of Fair Representation Claims Are Time-Barred**

17. Plaintiff's claims for breach of contract, fraud, and "compensation discrimination" are preempted by Section 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185, and also time-barred.

18. Although Plaintiff's Amended Complaint does not specifically say so, her vague allegations of breach of contract, fraud and "compensation discrimination" appear to be an attempt to bring a hybrid Section 301 claim for breach of contract by Ford and breach of the duty of fair representation by the UAW.

19. It is well-settled that Section 301 hybrid claims are subject to the six-month statute of limitations for unfair labor practices set forth in Section 10(b) of the National Labor Relations Act, ("NLRA), 29 U.S.C. § 160(b). See *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 1515 (1983); *Moultrie v. Penn Aluminium International, LLC*, 766 F.3d 747, 751 (7th Cir. 2014); *Christiansen v. APV Crepaco Inc.* 178 F3d 910, 913 (7th Cir. 1999).

20. At most, Plaintiff's claim for breach of the duty of fair representation against the UAW is based entirely on the UAW's **successful** settlement of her termination grievance in May, 2017. Am. Compl. ¶¶ 37, 86, 90.

21. Plaintiff filed her initial Complaint in this case in January, 2022, more than four years after the statute of limitations expired on any potential claim for a breach of the Union's duty of fair representation stemming from that grievance settlement.

22. Moreover, even if, *arguendo*, Plaintiff's Section 301 claim were not already time-barred by several years, she has actually pled herself out of court by admitting that the UAW's

---

[1] As a further note, the UAW was never Plaintiff's employer.

successful handling of her termination grievance resulted in her 2017 reinstatement to employment at Ford. Am. Compl. ¶ 90.

23. Hence, Plaintiff has admitted that the UAW did not breach its duty of fair representation toward her.

24. "A breach of the duty of fair representation occurs only when a union's conduct toward a member . . . is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967).

25. "Whether or not a union's actions are in bad faith calls for a subjective inquiry and requires proof that the union acted (or failed to act) due to an improper motive. Bare assertions of the state of mind required for the claim [ ] must be supported with subsidiary facts." *Yeftich v. Navistar, Inc.* 722 F. 3d 911, 916 (7th Cir. 2013).

26. "A union's actions are arbitrary only if . . . the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991).

27. The standard for arbitrariness is "extremely deferential" and the Court cannot "substitute its judgment for that of the union, even if, with the benefit of hindsight, it appears that the union could have made a better call." *Garcia v. Zenith Electronics Corp.,* 58 F. 3d 1171, 1177 (7th Cir. 1995).

28. Here, the UAW fought Ford and obtained Plaintiff's reinstatement.

29. Accordingly, Plaintiff's Section 301 claim against UAW for breach of the duty of fair representation must be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

**Miscellany**

30. In the interest of judicial economy, and because virtually all of Plaintiff's allegations of various perceived misconduct appear to be directed against Ford, the UAW will not repeat the well-supported arguments made by Ford in its Memorandum in Support of Its Motion to Dismiss Plaintiff's Amended Complaint. Dkt. # 23.

31. To the extent that any of the Amended Complaint's vague, generic allegations of sexual harassment, retaliation, pension miscalculation, hostile work environment, fraud, etc. somehow are intended to apply to the UAW, the UAW reiterates the arguments already made by Ford in its Motion to Dismiss and accompanying Memorandum. Dkt. #s 22, 23.

WHEREFORE, Defendant UAW respectfully requests that the Court enter an order granting its Motion to Dismiss Plaintiff's Amended Complaint and dismissing all claims against UAW with prejudice, and for any other and further relief that the Court deems appropriate under the circumstances.

Dated: May 27, 2022

Respectfully submitted,

/s/ *Joshua M. File*
Joshua M. File, Attorney for UAW

Joshua M. File
KATZ, FRIEDMAN, EISENSTEIN,
JOHNSON, BARECK & BERTUCA, P.C.
77 West Washington Street, 20th Floor
Chicago, Illinois 60602
(312) 263-6330
jfile@katzfriedman.com
ARDC # 6305915

**CERTIFICATE OF SERVICE**

      I, the undersigned attorney, certify that on May 27, 2022, I electronically filed the foregoing UAW's Motion to Dismiss Plaintiff's Amended Complaint with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's CM/ECF system which will send electronic notice of filing to all counsel of record. I further caused a true and correct copy of the same to be sent via U.S. Mail, postage prepaid, to:

LaWanda King
20929 Ventura Blvd.
Suite 47207
Woodland Hills, CA 91364

/s/ *Joshua M. File*
Joshua M. File, Attorney for Defendant UAW